VINCENT CASTILLO, State Bar No. 209298
vcastillo@cmtrlaw.com
ALEXEI N. OFFILL-KLEIN, State Bar No. 288448
aklein@cmtrlaw.com
CASTILLO, MORIARTY, TRAN & ROBINSON LLP
75 Southgate Avenue
Daly City, CA  94015
Telephone:      (415) 213-4098

Attorneys for Defendant
NATIONAL RAILROAD PASSENGER CORPORATION
dba AMTRAK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE KING, an individual, and KELLY KING, an Individual, | Case No. |
| Plaintiffs, | **NOTICE OF REMOVAL BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION DBA AMTRAK** |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, a corporation; UNION PACIFIC RAILROAD COMPANY, a corporation; CITY OF FREMONT, a public entity; CAPITOL CORRIDOR JOINT POWERS AUTHORITY, a public entity; THOMAS DOLLAHON, an individual; and DOES 1-50 inclusive, | |
| Defendants. | |

*CASTILLO MORIARTY TRAN & ROBINSON LLP*
*75 Southgate Ave*
*Daly City, CA 94015*

Defendant NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK ("Defendant") alleges as follows:

1.   On January 4, 2023, plaintiffs Candace King and Kelly King filed the Complaint in the Superior Court of the State of California, County of Alameda, entitled *Candace King, et al., v. National Railroad Passenger Corporation dba Amtrak, et al.*, Case No. 23CV025180. The Complaint names as defendants National Railroad Passenger Corporation dba Amtrak, Union Pacific Railroad Company, City of Fremont, Capitol Corridor Joint Powers Authority, and Thomas Dollahon. A true and correct copy of that unverified Complaint is attached hereto as **Exhibit A**.

2.   On January 18, 2023, Amtrak submitted for filing an Answer to Plaintiffs' Complaint in the Superior Court for the County of Alameda. A true and correct copy of that Answer is attached hereto as **Exhibit B**.

3.   This Court has original jurisdiction over plaintiff's claims against Amtrak under 28 U.S.C. § 1331 because Amtrak was incorporated by an Act of Congress, 45 U.S.C. § 501, *et seq.*, and because the United States of America owns more than 50% of Amtrak's capital stock. 28 U.S.C. § 1349; *In re Rail Collision Near Chase, Maryland*, 680 F.Supp. 728, 731 (D.Md. 1987).

4.   The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because this is a civil action over which the district courts of the United States have original jurisdiction, and this Court embraces the location in which the state action is pending.

5.   As of the date this Notice is being filed (January 18, 2023), and based upon a review of the Alameda County Superior Court online docket, plaintiff has not filed a proof of service of the Summons and Complaint. [See Screenshot of the Online Docket below, taken January 18, 2023, showing that no proof of service has been filed.] Thus, on information and belief, the other named co-defendants – Union Pacific Railroad Company, City of Fremont, Capitol Corridor Joint Powers Authority, and Thomas Dollahon – have not been served with the Summons and Complaint. If a defendant has not yet been served in the action, then that defendant need not join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A); *see Destfino v. Reiswig*,

CASTILLO MORIARTY TRAN & ROBINSON LLP
75 Southgate Ave
Daly City, CA 94015

NOTICE OF REMOVAL BY
DEFENDANT AMTRAK

1    630 F.3d 952, 957 (9th Cir. 2011); *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997).

CASTILLO MORIARTY TRAN & ROBINSON LLP
75 Southgate Ave
Daly City, CA 94015

**Register of Actions**

| Date | Message | Category | Download |
|---|---|---|---|
| 01/04/2023 | Complaint<br>Filed by: Candace King (Plaintiff); Kelly King (Plaintiff)<br>As to: NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, a corporation (Defendant); UNION PACIFIC RAILROAD COMPANY, a corporation (Defendant); CITY OF FREMONT, a public entity (Defendant) et al. | Document | ⬇ |
| 01/04/2023 | Civil Case Cover Sheet<br>Filed by: Candace King (Plaintiff); Kelly King (Plaintiff)<br>As to: NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, a corporation (Defendant); UNION PACIFIC RAILROAD COMPANY, a corporation (Defendant); CITY OF FREMONT, a public entity (Defendant) et al. | Document | ⬇ |
| 01/04/2023 | Notice of Case Management Conference<br>Filed by: Clerk | Document | ⬇ |
| 01/04/2023 | Notice of Case Assignment<br>Filed by: Clerk | Document | ⬇ |
| 01/05/2023 | Initial Case Management Conference scheduled for 05/24/2023 at 02:30 PM in Rene C. Davidson Courthouse at Department 16 | Event | |
| 01/05/2023 | Summons on Complaint<br>Issued and Filed by: Candace King (Plaintiff); Kelly King (Plaintiff)<br>As to: Candace King (Plaintiff); Kelly King (Plaintiff) | Document | ⬇ |
| 01/05/2023 | Updated -- Summons on Complaint:<br>As To Parties changed from Candace King (Plaintiff), Kelly King (Plaintiff) to UNION PACIFIC RAILROAD COMPANY, a corporation (Defendant), CITY OF FREMONT, a public entity (Defendant), THOMAS DOLLAHON (Defendant), CAPITOL CORRIDOR JOINT POWERS AUTHORITY, a public entity (Defendant), NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, a corporation (Defendant) | Document | ⬇ |
| 01/05/2023 | Case assigned to Hon. Tara Desautels in Department 16 Rene C. Davidson Courthouse | Assignment | |

6.    Unidentified defendants sued as "Does" need not join in a Notice of Removal.

*Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1313 (9th Cir. 1980).

7.    Thus, this Notice of Removal is timely and proper.

8.    A copy of the Notice of Removal to Federal Court that will be filed with the Alameda County Superior Court is attached hereto as **Exhibit C**.

Dated:  January 18, 2023

CASTILLO, MORIARTY, TRAN & ROBINSON LLP

By:   */s/ Alexei Offill-Klein*
VINCENT CASTILLO
ALEXEI N. OFFILL-KLEIN
Attorneys for Defendant
NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK

NOTICE OF REMOVAL BY
DEFENDANT AMTRAK

# EXHIBIT A

1  JOSEPH J. BABICH, ESQ. / SBN: 096290
   SEAN D. WISMAN ESQ. / SBN: 296420
2  **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
   20 Bicentennial Circle
3  Sacramento, CA 95826
   Telephone: (916) 379-3500
4  Facsimile: (916) 379-3599
   DBBWC-ESERVICE@dbbwc.com
5
   Attorneys for Plaintiffs
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10

11  CANDACE KING, an individual, and KELLY          Case No.: 23CV025180
    KING, an individual,
12                                                  **COMPLAINT FOR DAMAGES**
              Plaintiffs,
13                                                  **1. Negligence – Wrongful Death**
         v.                                         **2. Premises Liability – Wrongful Death**
14                                                  **3. Dangerous Condition of Public**
    NATIONAL RAILROAD PASSENGER                     **Property (Government Code §§ 830,**
15  CORPORATION dba AMTRAK, a corporation;          **830.8, 835 *et seq*.) – Wrongful Death**
    UNION PACIFIC RAILROAD COMPANY, a               **4. Negligence (Government Code §§**
16  corporation; CITY OF FREMONT, a public          **815.4, 818.6) – Wrongful Death**
    entity; CAPITOL CORRIDOR JOINT POWERS
17  AUTHORITY, a public entity; THOMAS              **DEMAND FOR JURY TRIAL**
    DOLLAHON, an individual; and DOES 1
18  through 50, inclusive,

19            Defendants.

20

21       Plaintiffs CANDACE KING and KELLY KING complain against Defendants NATIONAL

22  RAILROAD PASSENGER CORPORATION dba AMTRAK, UNION PACIFIC RAILROAD COMPANY, CITY

23  OF FREMONT, CAPITOL CORRIDOR JOINT POWERS AUTHORITY, THOMAS DOLLAHON, and DOES 1

24  through 50, inclusive and each of them, and allege as follows:

25                          **GENERAL ALLEGATIONS**

26       1.    At all times relevant hereto, Decedent Gwendolyn Rea Lockington Munoz

27  (hereinafter, "Decedent") was a resident of the State of California.

28  ///

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
01/04/2023 at 03:36:13 PM
By: Angela Linhares,
Deputy Clerk

-1-

2.    Plaintiffs CANDACE KING and KELLY KING are residents of the State of Indiana and State of Oregon, respectively. Plaintiffs CANDACE KING and KELLY KING are Decedent's surviving children. Plaintiffs CANDACE KING and KELLY KING bring this action as specified in California Code of Civil Procedure § 377.60 et seq.

3.    The following paragraphs of the Complaint are made upon information and belief.

4.    On May 19, 2022, at approximately 3:35 P.M., Decedent was struck without sufficient warning and killed by Defendant NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK (hereinafter, "AMTRAK") train AMT53-19 ("subject train"), operated by AMTRAK Engineer/Conductor, Defendant THOMAS DOLLAHON, as Decedent walked across the UNION PACIFIC RAILROAD CORPORATION railroad crossing and along the western side of the railroad tracks near the Fremont-Centerville Train Station located at 37260 Fremont Boulevard, Fremont, CA 94536, just north of Fremont Boulevard. Decedent had recently deboarded an AMTRAK train at the Fremont-Centerville Train Station and was attempting to cross the railroad tracks at that location to board another AMTRAK Train when she was struck and killed.

5.    The "INCIDENT SITE" refers to the railroad tracks and railroad crossing at the Fremont-Centerville Train Station located at 37260 Fremont Boulevard, Fremont, CA 94536, as well as the surrounding and adjacent property near the railroad tracks and railroad crossing at the Fremont-Centerville Train Station, which includes, but is not limited to, the location at which Decedent accessed the subject railroad tracks and crossing, the path Decedent walked across the subject railroad tracks, and the fencing placed along the western side of the subject railroad tracks and just south of the Fremont-Centerville Train Station, which blocked Decedent's access to the sidewalk running along the western side of the subject railroad tracks and which forced Decedent to walk along the railroad tracks themselves, where she was struck by the subject AMTRAK train without sufficient warning and killed.

6.    AMTRAK Engineer/Conductor, Defendant THOMAS DOLLAHON, and other members of the crew of the subject train, were at all relevant times the agents, servants, contractors, subcontractors, independent contractors, and/or employees of Defendants AMTRAK and DOES 1 through 50, inclusive and each of them, at the time of the subject incident. Defendant AMTRAK

-2-

1   was and is at all relevant times to this action a District of Columbia corporation, which owns,
2   operates, controls, and manages, among other things, a passenger railroad system, in and
3   through the State of California and does business in the State of California, including in the County
4   of Alameda and CITY OF FREMONT. The subject railroad tracks were owned, leased, controlled,
5   designed, developed, constructed, managed, operated, inspected, maintained, and/or repaired by
6   Defendant AMTRAK, and DOES 1 through 50, inclusive and each of them. Defendant AMTRAK
7   owned, leased, controlled, designed, developed, constructed, managed, operated, inspected,
8   maintained, and/or repaired part of the INCIDENT SITE, including, but not limited to, the fencing
9   placed along the western side of the subject railroad tracks and just south of the Fremont-
10  Centerville Train Station located in Fremont, California, which blocked Decedent's access to the
11  sidewalk running along the western side of the subject railroad tracks and which forced Decedent
12  to walk along the subject railroad tracks, where she was struck without sufficient warning and
13  killed.

14      7.      The subject railroad tracks were also owned, leased, controlled, designed,
15  developed, constructed, managed, operated, inspected, maintained, and/or repaired by Defendant
16  UNION PACIFIC RAILROAD COMPANY (hereinafter "UPRC"), and DOES 1 through 50, inclusive and
17  each of them. Defendant UPRC owned, leased, controlled, designed, developed, constructed,
18  managed, operated, inspected, maintained, and/or repaired part of the INCIDENT SITE, including,
19  but not limited to, the fencing placed along the western side of the subject railroad tracks and
20  south of the Fremont-Centerville Train Station located in Fremont, California, which blocked
21  Decedent's access to the sidewalk running along the western side of the subject railroad tracks
22  and which forced Decedent to walk along the subject railroad tracks, where she was struck
23  without sufficient warning and killed. Defendant UPRC was and is at all relevant times to this
24  action a Delaware corporation doing business in the State of California.

25      8.      The subject railroad tracks were also owned, leased, controlled, designed,
26  developed, constructed, managed, operated, inspected, maintained, and/or repaired by Defendant
27  CITY OF FREMONT, and DOES 1 through 50, inclusive and each of them. Defendant CITY OF
28  FREMONT owned, leased, controlled, designed, developed, constructed, managed, operated,

-3-

**Complaint for Damages and Demand for Jury Trial**

1  inspected, maintained, and/or repaired part of the INCIDENT SITE, including, but not limited to,
2  the fencing placed along the western side of the subject railroad tracks and south of the Fremont-
3  Centerville Train Station located in Fremont, California, which blocked Decedent's access to the
4  sidewalk running along the western side of the subject railroad tracks and which forced Decedent
5  to walk along the subject railroad tracks, where she was struck without sufficient warning and
6  killed. Defendant CITY OF FREMONT was and is at all relevant times to this action a public entity
7  within the meaning of California Government Code, §811.2. The CITY OF FREMONT negligently
8  owned, leased, controlled, designed, developed, constructed, managed, operated, inspected,
9  maintained, and/or repaired the surrounding and adjacent property at, about, around, and near
10  the subject railroad tracks, including the INCIDENT SITE. Defendant CITY OF FREMONT is liable to
11  Plaintiffs pursuant to California Government Code §§ 815.4, 818.6, 830, 830.8, and 835 *et seq.,*
12  including without limitation § 835.2.

13      9.     At all relevant times hereto, Defendants DOES 1 through 50, inclusive and each of
14  them, were the agents, servants, and/or employees of Defendants AMTRAK, UPRC, and CITY OF
15  FREMONT, and in doing the things herein alleged, were acting within the course and scope and
16  purpose of their authority as such agents, servants, and/or employees, and with the permission
17  and consent of their employers and co-Defendants. Defendants DOES 1 through 50, inclusive and
18  each of them, tortiously inflicted the injuries to Plaintiffs in the scope of their employments,
19  agency, and/or representation under circumstances where they would be personally liable under
20  California Government Code §§ 815.2 and/or 840.2. Defendants DOES 1 through 50, inclusive and
21  each of them, are negligently or otherwise responsible in some manner for the events and
22  happenings herein referred to, and negligently or otherwise cause injuries and damages
23  proximately thereby to the Plaintiffs as herein alleged.

24      10.    At all times relevant hereto, Decedent was on the premises of the INCIDENT SITE
25  solely due to the carelessness and negligence of Defendants AMTRAK, UPRC, CITY OF FREMONT,
26  and DOES 1 through 50, inclusive and each of them.

27      11.    At all times relevant hereto, Defendants DOES 1 through 50, inclusive and each of
28  them, were either residents of the State of California, or doing business within the County of

-4-

**Complaint for Damages and Demand for Jury Trial**

1   Alameda and/or are subject to the jurisdiction of the State of California. The true names and
2   capacities of Defendants DOES 1 through 50, inclusive and each of them, whether individual,
3   corporate, associate, or otherwise, are unknown to Plaintiffs, who therefore sue said Defendants
4   by said fictitious names. Plaintiffs will seek leave of the Court to amend this Complaint to allege
5   the true names and capacities of Defendants DOES 1 through 50, inclusive and each of them,
6   when ascertained.

7       12.   At all times relevant hereto, all of said Defendants were the agents, servants,
8   contractors, subcontractors, independent contractors, and/or employees of their co-Defendants,
9   inclusive and each of them, and in doing the things herein mentioned, were acting in the course
10   and scope of their authority as such agents, servants, contractors, subcontractors, independent
11   contractors, and/or employees, and with the permission and consent of their co-Defendants.

12       13.   Venue is proper in Alameda County Superior Court because the INCIDENT SITE is
13   located in the County of Alameda, State of California, and as one or more Defendants reside, or
14   are doing business in, the County of Alameda, State of California.

15       14.   Plaintiffs have complied with the claim requirements of California Government Code
16   §§ 905 and 915. Plaintiffs have caused written Claims for Wrongful Death to be served on all
17   public entity Defendants, including but not limited to Defendants AMTRAK and CITY OF FREMONT.
18   Said Claims have since been formally rejected or rejected by operation of law. Plaintiffs have
19   complied with all applicable Government Code and public entity claims procedures.

20       15.   Plaintiffs are informed and believe, and thereon allege, that each of the Defendants,
21   including DOES 1 through 50, inclusive and each of them, is negligently or otherwise responsible
22   in some manner for the events and happenings herein referred to, and that said Defendants
23   negligently acted or failed to act. Said Defendants' acts, omissions, and negligence, and/or the
24   dangerous condition of public property at the INCIDENT SITE, were the direct and proximate
25   cause of Decedent's death.

26       16.   As a direct and proximate result of said acts, omissions, and negligence of
27   Defendants, inclusive and each of them, and/or the dangerous condition of public property at the
28   INCIDENT SITE, Decedent Gwendolyn Rea Lockington Munoz was killed.

-5-

**Complaint for Damages and Demand for Jury Trial**

1    17.    As a direct and proximate result of the injuries and death of Decedent Gwendolyn
2    Rea Lockington Munoz, Plaintiffs have been generally damaged in sums in excess of the minimal
3    jurisdictional limits of this Court.

4    18.    As a direct and proximate result of said acts, omissions, and negligence of
5    Defendants, inclusive and each of them, and/or the dangerous condition of public property at the
6    INCIDENT SITE, Plaintiffs have been deprived of Decedent Gwendolyn Rea Lockington Munoz's
7    love, companionship, comfort, care, assistance, protection, affection, society, and moral support,
8    thereby proximately causing Plaintiffs' general damages in a sum to be ascertained according to
9    proof.

10    19.    Defendants AMTRAK, UPRC, CITY OF FREMONT, and DOES 1 through 50, inclusive
11    and each of them, knew or should have known of one or more prior pedestrian injuries and/or
12    deaths before Decedent's death in the same general area of the INCIDENT SITE, as a direct result
13    of their failure to repair and/or warn of the dangerous condition of public property at the
14    INCIDENT SITE, so repairs and/or warnings could be effected, preventing other pedestrians from
15    entering the area of the subject railroad tracks at the INCIDENT SITE. As a result of their failure to
16    repair and/or warn of the dangerous condition of public property at the INCIDENT SITE, Decedent
17    was killed.

18    20.    The INCIDENT SITE was in a dangerous condition at the time of the subject incident
19    because it failed to provide adequate and/or properly functioning audio and/or visual railroad
20    crossing warning devices and required train passengers to walk across the railroad tracks and in
21    the paths of moving trains in order to deboard and/or board trains at the AMTRAK Centerville
22    Train Station. The dangerous condition created a reasonably foreseeable risk of death or serious
23    injury. Defendants AMTRAK, UPRC, CITY OF FREMONT, and DOES 1 through 50, inclusive and
24    each of them, had notice of the dangerous condition for a long enough time to have protected
25    against it. The failure of Defendants AMTRAK, UPRC, CITY OF FREMONT, and DOES 1 through 50,
26    inclusive and each of them, to protect against the dangerous condition was a substantial factor in
27    causing the death of Decedent and Plaintiffs' resulting harm.

28    ///

**Complaint for Damages and Demand for Jury Trial**

1     21.   AMTRAK Engineer/Conductor, Defendant THOMAS DOLLAHON, operated the subject

2 train within the course and scope of his employment with AMTRAK, and in so doing, negligently

3 failed to stop or slow the subject train to prevent striking and killing Decedent despite observing

4 Decedent walking across the INCIDENT SITE ¼- to ½-mile before impact.

5 **FIRST CAUSE OF ACTION FOR NEGLIGENCE – _WRONGFUL DEATH_ UNDER _CODE OF CIVIL_**
**_PROCEDURE § 377.60 ET SEQ._ AGAINST DEFENDANTS AMTRAK, UPRC, THOMAS**
6 **DOLLAHON, AND DOES 1 THROUGH 50, INCLUSIVE AND EACH OF THEM**

7     22.   Plaintiffs CANDACE KING and KELLY KING hereby re-allege and incorporate by

8 reference each and every allegation contained in paragraphs 1 though 21 as though fully set forth

9 herein.

10     23.   As the subject train, which was being operated by AMTRAK Engineer/Conductor,

11 Defendant THOMAS DOLLAHON, and other members of the crew of the subject train, approached

12 the INCIDENT SITE, Defendants AMTRAK and DOES 1 through 50, inclusive and each of them, so

13 wantonly, recklessly, negligently, and carelessly operated, controlled, entrusted, and maintained

14 the subject train so as to cause the train to strike and kill Decedent.

15     24.   At all times relevant hereto, Defendants AMTRAK and DOES 1 through 50, inclusive

16 and each of them, negligently entrusted to AMTRAK Engineer/Conductor, Defendant THOMAS

17 DOLLAHON, and other members of the crew of the subject train, the subject train that was owned,

18 leased, controlled, designed, developed, constructed, managed, operated, inspected, maintained,

19 and/or repaired by Defendants AMTRAK and DOES 1 through 50, inclusive and each of them.

20     25.   Defendants AMTRAK and DOES 1 through 50, inclusive and each of them, permitted

21 AMTRAK Engineer/Conductor, Defendant THOMAS DOLLAHON, and other members of the crew of

22 the subject train, to operate, engineer, and/or drive the subject train as their agents, servants,

23 contractors, subcontractors, independent contractors, and/or employees.

24     26.   AMTRAK Engineer/Conductor, Defendant THOMAS DOLLAHON, and other members

25 of the crew of the subject train, were negligent _inter alia_ in operating the subject train by failing to

26 comply with safety regulations, failing to sound a sufficient audible warning device, failing to

27 regulate the subject train under safe speed and/or failing to keep a lookout for Decedent, failing to

28 ///

**Complaint for Damages and Demand for Jury Trial**

1   low or stop the subject train, and failing to control the subject train so as to avoid striking and
2   killing Decedent.

3       27.    Defendants AMTRAK and DOES 1 through 50, inclusive and each of them, knew or
4   should have known that AMTRAK Engineer/Conductor, Defendant THOMAS DOLLAHON, and other
5   members of the crew of the subject train, were incompetent or unfit to operate, engineer, and/or
6   drive the subject train. Said Defendants knew or should have known that AMTRAK
7   Engineer/Conductor, Defendant THOMAS DOLLAHON, and other members of the crew of the
8   subject train, were likely to use the subject train, or any other train, in a manner involving
9   unreasonable risk of physical harm to others, whom said Defendants should expect to share in or
10  be endangered by the use of the their train so as to directly and proximately cause Decedent's
11  death and Plaintiffs' injuries and damages.

12      28.    At all times relevant hereto, Defendants AMTRAK and DOES 1 through 50, inclusive
13  and each of them, also negligently trained or negligently failed to train AMTRAK
14  Engineer/Conductor, Defendant THOMAS DOLLAHON, and other members of the crew of the
15  subject train.

16      29.    Defendants AMTRAK and DOES 1 through 50, inclusive and each of them, *inter alia*
17  negligently trained and/or negligently failed to train AMTRAK Engineer/Conductor, Defendant
18  THOMAS DOLLAHON, and other members of the crew of the subject train, who *inter alia*
19  negligently failed comply with safety regulations, failed to sound a sufficient audible warning
20  device, failed to maintain the subject train under safe speed, and/or failed to keep a lookout for
21  Decedent and control the train so as to avoid striking and killing Decedent.

22      30.    Defendants AMTRAK and DOES 1 through 50, inclusive and each of them, also
23  breached their duty to ensure the horn on the subject train complied with the audibility
24  requirements of 49 CFR § 229.129. Defendants have no evidence that the train horn complied
25  with 49 C.F.R. § 229.129 at the time of the subject incident. In fact, the horn did not provide
26  sufficient audible warning of the subject train's approach prior to the subject incident.

27      31.    Defendants AMTRAK and DOES 1 through 50, inclusive and each of them, by
28  themselves and through their crew, breached their duty to ensure that the subject train horn was

-8-

**Complaint for Damages and Demand for Jury Trial**

1   properly sounded to warn of the subject train's approach to the subject railroad crossing and
2   INCIDENT SITE. To be "properly sounded" the horn must not only be loud enough, it must also be
3   blown in the correct sequence and for a sufficient duration. The subject train's horn was not
4   properly sounded in the moments leading up to the subject incident.

5         32.   Defendants AMTRAK and DOES 1 through 50, inclusive and each of them, have
6   knowledge that their crews do not properly sound horns consistently, but have chosen not to
7   investigate or punish horn violations, monitor for insufficient horn activation, or otherwise attempt
8   to accurately document these violations. Instead, Defendants AMTRAK and DOES 1 through 50,
9   inclusive and each of them, have intentionally misrepresented the extent of the problem by
10   publishing false and misleading information concerning the nature and extent of the problem. As a
11   result, their train crews are aware that the railroad condones horn violations. It is the routine
12   practice of Defendants AMTRAK and DOES 1 through 50, inclusive and each of them, to ignore
13   violations of horn rules. Accordingly, Defendants AMTRAK and DOES 1 through 50, inclusive and
14   each of them, breached their duties.

15         33.   Defendants AMTRAK and DOES 1 through 50, inclusive and each of them, and each
16   of their crew, also breached their duty to slow or stop the train to avoid a specific, individual
17   hazard at the INCIDENT SITE. They also failed to approach the INCIDENT SITE prepared to stop
18   due to an "essentially local safety hazard." If the crew would have been prepared to stop, slowed
19   the train, and/or applied the brakes in a timely fashion, they could have avoided the collision or
20   changed the dynamic of the collision, thus preventing Decedent's death and Plaintiff's resulting
21   damages.

22         34.   At the time of the subject incident, the conditions at the INCIDENT SITE created an
23   "essentially local safety hazard." However, Defendants AMTRAK, UPRC, and DOES 1 through 50,
24   inclusive and each of them, negligently failed to recognize "essentially local safety hazards," failed
25   to instruct train crews and others how to identify "essentially local safety hazards," failed to take
26   any reasonable steps to reduce "essentially local safety hazards," and failed to warn of their
27   existence. Accordingly, AMTRAK, AMTRAK Engineer/Conductor, Defendant THOMAS DOLLAHON,
28   and other members of the crew of the subject train, UPRC, and DOES 1 through 50, and each of

-9-

**Complaint for Damages and Demand for Jury Trial**

1   them, did nothing to slow the train, prepare to slow the train, or otherwise account for the local
2   safety hazard at the INCIDENT SITE. The existence of an unidentified and unaccounted for local
3   safety hazard was one of the contributing factors that caused the subject incident.

4       35.    The area in and around INCIDENT SITE should have been protected by a slow order
5   for railroad traffic traversing the subject railroad crossing. If such a slow order was in effect for
6   this section of track, then it was violated by the train involved in this incident. The failure of the
7   train involved in this incident to slow for the unsafe conditions at this crossing was a contributing
8   factor to this incident.

9       36.    Defendants AMTRAK and DOES 1 through 50, inclusive and each of them, also failed
10  to instruct their train crews on the appropriate circumstances under which they should be
11  prepared to brake, slow, or stop trains for safety hazards. Defendants AMTRAK and DOES 1
12  through 50, inclusive and each of them, knew or should have known the risks to the public
13  created by their failure to instruct their train crews about the duty to slow or stop trains to avoid
14  safety hazards at unmarked and marked pedestrian crossings, but have elected to not instruct
15  their crews about these duties. Because of this inadequate training, the crew of the subject train
16  approached the subject pedestrian crossing without adequately addressing the existing safety
17  hazards at the INCIDENT SITE. The lack of training and preparedness of AMTRAK
18  Engineer/Conductor, Defendant THOMAS DOLLAHON, and other members of the crew of the
19  subject train, was one of the contributing factors that caused the subject incident.

20      37.    Defendants AMTRAK and DOES 1 through 50, inclusive and each of them, were
21  operating, controlling, entrusting, maintaining, inspecting, and/or repairing the subject train in a
22  negligent and careless manner and in violation of California statutes and regulations, and are
23  therefore negligent per se. Said Defendants, inclusive and each of them, also violated statutory
24  duties in their entrustment of the train to AMTRAK Engineer/Conductor, Defendant THOMAS
25  DOLLAHON, and other members of the crew of the subject train, and are therefore negligent per
26  se. Said Defendants, inclusive and each of them, also violated statutory duties in their training of
27  AMTRAK Engineer/Conductor, Defendant THOMAS DOLLAHON, and other members of the crew of
28  the subject train, and are therefore negligent per se. The purpose of the aforementioned statutes

-10-

**Complaint for Damages and Demand for Jury Trial**

1  and/or regulations is to protect the interest of the public and Decedent from the kind of harm that
2  resulted from Defendants' actions and/or inactions and that caused Decedent's death and
3  Plaintiffs' damages, and the particular hazard caused by Defendants' actions and/or inactions,
4  which caused Decedent's death and Plaintiffs' damages.

5       38.    At all times relevant hereto, Defendants AMTRAK and DOES 1 through 50, inclusive
6  and each of them, negligently hired and discharged mandatory and/or non-delegable duties in the
7  ownership, lease, control, development, construction, design, management, inspection,
8  maintenance, and/or repair of the INCIDENT SITE and/or the subject train and railroad crossing.

9       39.    At all times relevant hereto, Defendants AMTRAK, UPRC, and DOES 1 through 50,
10  inclusive and each of them, negligently hired and discharged mandatory and/or non-delegable
11  duties in the ownership, lease, control, development, construction, design, management,
12  inspection, maintenance and/or repair of the INCIDENT SITE.

13      40.    At all times relevant hereto, Defendants DOES 1 through 50, inclusive and each of
14  them, were the agents, servants, contractors, subcontractors, independent contractors, and/or
15  employees of Defendants AMTRAK and/or UPRC, and in doing the things herein alleged, were
16  acting within the course and scope and purpose of their authority as such agents, servants,
17  contractors, subcontractors, independent contractors, and/or employees, and with the permission
18  and consent of their employers and co-Defendants. One or more agents, servants, contractors,
19  subcontractors, independent contractors, and/or employees of Defendants AMTRAK, UPRC, CITY
20  OF FREMONT, and DOES 1 through 50, inclusive and each of them, caused Decedent's death and
21  the damages to Plaintiffs in the scope of their employment, agency, and/or representation under
22  circumstances where they would be personally liable.

23      41.    At all times relevant hereto, Defendant AMTRAK, by itself or through its agents,
24  servants, contractors, subcontractors, independent contractors, and/or employees, negligently
25  hired and/or contracted with Defendants UPRC, CITY OF FREMONT, and/or DOES 1 through 50,
26  inclusive and each of them, in the management and operation of its property and the subject train
27  and negligently failed to discharge its mandatory and/or non-delegable duties.

28  ///

**Complaint for Damages and Demand for Jury Trial**

42.     At all times relevant hereto, Defendant UPRC, by itself or through its agents, servants, contractors, subcontractors, independent contractors, and/or employees, negligently hired and/or contracted with Defendants AMTRAK and/or DOES 1 through 50, inclusive and each of them, in the management and operation of its property and negligently failed to discharge its mandatory and/or non-delegable duties.

43.     Defendants DOES 1 through 50, inclusive and each of them, owned, leased, controlled, developed, constructed, designed, managed, operated, inspected, maintained, and/or repaired the area in or about the INCIDENT SITE.

44.     Defendants DOES 1 through 50, inclusive and each of them, are negligently or otherwise responsible in some manner for the events and happenings herein referred to, and negligently or otherwise caused injuries and damages proximately thereby to the Plaintiffs as herein alleged.

45.     The INCIDENT SITE was in an unsafe, dangerous, and defective condition due to, *inter alia*, the negligent and careless ownership, leasing, operation, construction, building, design, maintenance, management, repair, control, inspection, hiring, fencing, discharge of mandatory and/or non-delegable duties, warnings, signage, visibility, obstructions, vegetation, trees, and/or illuminations of same by said Defendants, and each of them. Defendants, inclusive and each of them, negligently and carelessly failed, refused, and/or neglected to keep and maintain the INCIDENT SITE in a safe and usable condition for pedestrians, and negligently and carelessly failed to warn Decedent of the dangers of said INCIDENT SITE. Said Defendants, inclusive and each of them, had mandatory and/or non-delegable duties to inspect and maintain the INCIDENT SITE in a safe condition for pedestrians.

46.     Defendants, inclusive and each of them, are liable for Decedent's death and Plaintiffs' injuries and damages in that, *inter alia*, Defendants negligently hired, discharged mandatory and/or non-delegable duties, and/or negligently owned, leased, controlled, developed, constructed, fenced, designed, managed, operated, inspected, repaired, and/or illuminated the INCIDENT SITE; failed to place, maintain, or repair proper signs and/or markings and/or devices and/or signals which would have indicated to pedestrians, among other things, how to safely cross

-12-

**Complaint for Damages and Demand for Jury Trial**

1   the subject train tracks and observe oncoming trains; and failed to inspect, maintain, and/or
2   repair the area in and around the INCIDENT SITE.

3       47.    Defendants, inclusive and each of them, failed to warn the public of the unsafe,
4   dangerous, and defective conditions at the INCIDENT SITE.

5       48.    Defendants, inclusive and each of them, also failed to erect a barrier, fence, or
6   warning to keep pedestrians from accessing the tracks and/or crossing or walking upon the
7   railroad tracks at the INCIDENT SITE, which includes but is not limited to, a barrier, fence, or
8   warning preventing pedestrians from walking parallel to and along the railroad tracks to reach the
9   Fremont-Centerville Train Station's western platform.

10      49.    Defendants, inclusive and each of them, encouraged and allowed pedestrians to
11  enter the area of the tracks and walk along and/or across the tracks, pedestrian walkways, and
12  pedestrian paths that were owned, controlled, constructed by, or allowed to exist by Defendants,
13  inclusive and each of them, at or about the INCIDENT SITE. Prior to the incident, the fact that
14  pedestrians frequently and routinely accessed and crossed the tracks and walked upon and along
15  the tracks at or about the INCIDENT SITE was known to Defendants, inclusive and each of them.
16  Pedestrian paths were allowed to exist upon the properties that were owned and/or controlled by
17  Defendants, inclusive and each of them, which drew pedestrians to and across the tracks and
18  encouraged pedestrians to enter the area at or about the INCIDENT SITE.

19      50.    At the time Decedent encountered the unsafe, dangerous, and defective conditions
20  at the INCIDENT SITE, Defendants, inclusive and each of them, had actual and/or constructive
21  notice of the existence of the aforementioned unsafe, dangerous, and defective conditions at or
22  about the INCIDENT SITE and the negligent hiring and discharge of mandatory and/or non-
23  delegable duties, and failed to prevent Decedent from being killed at the INCIDENT SITE by fixing
24  the above-described unsafe, dangerous, and defective conditions.

25      51.    Decedent's use of Defendants' property was reasonably foreseeable at the time of
26  the incident. It was reasonably foreseeable that as a direct and proximate result of said acts,
27  omissions, and negligence of Defendants, inclusive and each of them, and each of their breaches
28  ///

-13-

1  of duties, that Decedent would be killed and Plaintiffs caused to sustain general and economic

2  damages.

3      52.    At all times relevant hereto, Defendants, inclusive and each of them, either by

4  themselves  or  through  their  agents,  servants,  contractors,  subcontractors,  independent

5  contractors, and/or employees, negligently performed their duties and failed to warn Decedent of

6  unsafe and dangerous conditions associated with the INCIDENT SITE. Defendants, inclusive and

7  each of them, are liable for breaches of their duties set forth herein.

8      53.    Defendants, and each of them, are vicariously liable for Decedent's death and

9  Plaintiffs' injuries and damages that were caused in whole or part by their agents, servants,

10  contractors, subcontractors, independent contractors, and/or employees.

11      54.    At all times relevant hereto, Defendants, inclusive and each of them, owed a duty of

12  care to Decedent and others. Said duty of care to pedestrians and others, includes without

13  limitation, the duty to follow safety regulations, to avoid causing injury to pedestrians in the area

14  of the INCIDENT SITE, to avoid causing injury to pedestrians crossing railroad tracks, to sound a

15  sufficient audible warning device, to maintain trains under safe speed, to keep a lookout for

16  crossing traffic and keep trains under control necessary to cope with foreseeable situations, and to

17  install and maintain adequate warning systems including posting signs, warning lights, barriers,

18  and/or flagmen at crossings.

19      55.    It was reasonably foreseeable that as a direct and proximate result of said acts,

20  omissions, and negligence of Defendants, inclusive and each of them, and each of their breaches

21  of duties, that Decedent would be killed and Plaintiffs caused to sustain general and economic

22  damages.

23      56.    As a direct and proximate result of said acts, omissions, and negligence of

24  Defendants, and each of them, Decedent was killed and Plaintiffs have been generally damaged in

25  a sum in excess of the minimal jurisdictional limits of this Court, for the loss of love,

26  companionship, comfort, care, assistance, protection, affection, society, and moral support of

27  Decedent.

28  ///

-14-

**Complaint for Damages and Demand for Jury Trial**

1    57.    As a direct and proximate result of the said acts, omissions, and negligence of

2  Defendants, and each of them, Plaintiffs have incurred, and will incur, special damages, which

3  include without limitation: funeral and burial expenses, the loss of gifts or benefits that Plaintiffs

4  would have expected to receive from Decedent, the reasonable value of household services that

5  Decedent would have provided, and other pecuniary losses, the full nature and extent of which are

6  not yet known to Plaintiffs, and leave is requested to amend this Complaint to conform to proof at

7  the time of trial.

8    58.    WHEREFORE, Plaintiffs pray for judgment against Defendants, inclusive and each of

9  them, as herein set forth.

10   **SECOND CAUSE OF ACTION FOR PREMISES LIABILITY – _WRONGFUL DEATH_ UNDER**
     **_CODE OF CIVIL PROCEDURE § 377.60 ET SEQ._ AGAINST DEFENDANTS AMTRAK, UPRC,**
11   **THOMAS DOLLAHON, AND DOES 1 THROUGH 50, INCLUSIVE AND EACH OF THEM**

12   59.    Plaintiffs CANDACE KING and KELLY KING hereby reallege and incorporate by

13  reference paragraphs 1 through 58 as though fully set forth herein.

14   60.    On May 19, 2022, Decedent was injured and killed on the premises of the INCIDENT

15  SITE.

16   61.    At all times relevant hereto, the INCIDENT SITE was owned, leased, rented,

17  marketed, controlled, secured, operated, built, constructed, developed, designed, maintained,

18  managed, inspected, and/or repaired by Defendants AMTRAK, UPRC, THOMAS DOLLAHON, and

19  DOES 1 through 50, inclusive and each of them.

20   62.    Defendants, inclusive and each of them, wantonly, recklessly, negligently, and

21  carelessly owned, leased, rented, marketed, controlled, secured, operated, built, constructed,

22  developed, designed, maintained, managed, inspected and/or repaired the INCIDENT SITE.

23   63.    The INCIDENT SITE was in an unsafe, dangerous, and defective condition due to,

24  _inter alia_, the negligent and careless ownership, leasing, operation, construction, building, design,

25  maintenance, management, repair, control, inspection, hiring, fencing, discharge of mandatory

26  and/or non-delegable duties, warnings, signage, visibility, obstructions, vegetation, trees, and/or

27  illuminations of same by said Defendants, inclusive and each of them. Defendants, inclusive and

28  each of them, negligently and carelessly failed, refused, and/or neglected to keep and maintain

-15-

1  the INCIDENT SITE in a safe and usable condition for pedestrians, and negligently and carelessly
2  failed to warn Decedent of the dangers of said INCIDENT SITE.

3       64.     Defendants, inclusive and each of them, are liable for Decedent's death and
4  Plaintiffs' injuries and damages in that, *inter alia*, Defendants negligently hired, discharged
5  mandatory and/or non-delegable duties, and/or negligently owned, leased, controlled, developed,
6  constructed, fenced, designed, managed, operated, inspected, repaired, and/or illuminated the
7  INCIDENT SITE; failed to place, maintain, or repair proper signs and/or markings and/or devices
8  and/or signals which would have indicated to pedestrians, among other things, how to safely cross
9  the subject train tracks and observe oncoming trains; and failed to inspect, maintain, and/or
10  repair the area in and around the INCIDENT SITE.

11       65.     Defendants, inclusive and each of them, failed to warn the public of the unsafe,
12  dangerous, and defective conditions at the INCIDENT SITE.

13       66.     Defendants, inclusive and each of them, also failed to erect a barrier, fence, or
14  warning to keep pedestrians from accessing the tracks and/or crossing or walking upon the
15  railroad tracks at the INCIDENT SITE, which includes but is not limited to, a barrier, fence, or
16  warning preventing pedestrians from walking parallel to and along the railroad tracks to reach the
17  Fremont-Centerville Train Station's western platform.

18       67.     Defendants, inclusive and each of them, encouraged and allowed pedestrians to
19  enter the area of the tracks and walk along and/or across the tracks, pedestrian walkways, and
20  pedestrian paths that were owned, controlled, constructed by, or allowed to exist by Defendants,
21  inclusive and each of them, at or about the INCIDENT SITE. Prior to the incident, the fact that
22  pedestrians frequently and routinely accessed and crossed the tracks and walked upon and along
23  the tracks at or about the INCIDENT SITE was known to Defendants, inclusive and each of them.
24  Pedestrian paths were allowed to exist upon the properties that were owned and/or controlled by
25  Defendants, inclusive and each of them, which drew pedestrians to and across the tracks and
26  encouraged pedestrians to enter the area at or about the INCIDENT SITE.

27       68.     At the time Decedent encountered the unsafe, dangerous, and defective conditions,
28  Defendants, inclusive and each of them, had actual and/or constructive notice of the existence of

-16-

1  the aforementioned unsafe, dangerous, and defective conditions and the negligent hiring and
2  discharge of mandatory and/or non-delegable duties, and failed to prevent Decedent from being
3  killed at the INCIDENT SITE by fixing the above-described unsafe, dangerous, and defective
4  conditions.

5      69.   Decedent's use of Defendants' property was reasonably foreseeable at the time of
6  the incident. It was reasonably foreseeable that as a direct and proximate result of said acts,
7  omissions, and negligence of Defendants, inclusive and each of them, and each of their breaches
8  of duties, that Decedent would be killed and Plaintiffs caused to sustain general and economic
9  damages.

10      70.   At all times relevant hereto, Defendants, and each of them, violated state and local
11  laws for safe design, construction, building, maintenance, inspection, and repair of the INCIDENT
12  SITE.

13      71.   As a direct and proximate result of said dangerous and unsafe conditions of the
14  INCIDENT SITE, Decedent was killed and Plaintiffs were caused to sustain injuries and damages as
15  set forth herein.

16      72.   WHEREFORE, Plaintiffs pray for judgment against Defendants, inclusive and each of
17  them, as herein set forth.

18      **THIRD CAUSE OF ACTION FOR DANGEROUS CONDITION OF PUBLIC PROPERTY –**
    ***WRONGFUL DEATH*** **UNDER** ***CODE OF CIVIL PROCEDURE § 377.60 ET SEQ.* AGAINST**
19  **DEFENDANTS CITY OF FREMONT, CAPITOL CORRIDOR JOINT POWERS AUTHORITY, AND**
    **DOES 1 THROUGH 50, INCLUSIVE AND EACH OF THEM [*GOVERNMENT CODE §§ 830,***
20  ***830.8, & 835, ET SEQ.*]**

21      73.   Plaintiffs CANDACE KING and KELLY KING hereby reallege and incorporate by
22  reference paragraphs 1 through 72 as though fully set forth herein.

23      74.   Defendants CITY OF FREMONT, CAPITOL CORRIDOR JOINT POWERS AUTHORITY,
24  and DOES 1 through 50, inclusive and each of them, are liable for Decedent's death and Plaintiffs'
25  injuries and damages pursuant to the following California Government Code statutes concerning a
26  dangerous condition of public property: 830, 830.8, 835 *et seq.*, including without limitation
27  Sections 835.2. Defendants are liable for breaches of their duties set forth herein.

28  ///

-17-

75.   At all relevant times hereto, Defendants DOES 1 through 50, inclusive and each of them, were the agents, servants, and/or employees of Defendants CITY OF FREMONT, CAPITOL CORRIDOR JOINT POWERS AUTHORITY, and DOES 1 through 50, inclusive and each of them, and in doing the things herein alleged, were acting within the course and scope and purpose of their authority as such agents, servants, and/or employees, and with the permission and consent of their employers and co-Defendants. Defendants DOES 1 through 50, inclusive and each of them, tortiously inflicted the injuries to Plaintiffs in the scope of their employment, agency, or representation under circumstances where they would be personally liable under California Government Code § 840.2.

76.   The premises of the INCIDENT SITE were in a dangerous and defective condition due to, *inter alia*, the negligent ownership, leasing, operation, construction, building, design, maintenance, management, repair, control, inspection, hiring, fencing, discharge of mandatory and/or non-delegable duties, warnings, signage, visibility, obstructions, vegetation, trees, and/or illuminations of same by said Defendants, inclusive and each of them. Defendants, inclusive and each of them, negligently failed, refused, and/or neglected to maintain the INCIDENT SITE in a safe condition for pedestrians.

77.   Defendants, inclusive and each of them, encouraged and allowed pedestrians to enter the area of the tracks and walk along and/or across the tracks, pedestrian walkways, and pedestrian paths that were owned, controlled, constructed by, or allowed to exist by Defendants, inclusive and each of them, at or about the INCIDENT SITE. Prior to the incident, the fact that pedestrians frequently and routinely accessed and crossed the tracks and walked upon and along the tracks at or about the INCIDENT SITE was known to Defendants, inclusive and each of them. Pedestrian paths were allowed to exist upon the properties that were owned and/or controlled by Defendants, inclusive and each of them, which drew pedestrians to and across the tracks and encouraged pedestrians to enter the area at or about the INCIDENT SITE. The existence of the railroad crossing at the INCIDENT SITE and pedestrian paths in and around the tracks at the INCIDENT SITE constituted a dangerous condition of public property at the time of the incident.

///

**Complaint for Damages and Demand for Jury Trial**

78. Defendants, inclusive and each of them, did not warn the public of the dangerous conditions at the INCIDENT SITE. Defendants, inclusive and each of them, did not have adequate warning devices, proper markings, lighting, lines-of-sight, signals, and/or signs, and did not have adequate track crossing protection. Defendants, inclusive and each of them, did not warn the public of the dangerous conditions at the INCIDENT SITE and did not construct, build, design, maintain, inspect, and/or repair said property, and did not place, maintain, and/or or repair proper signs, pedestrian markings and devices, crossings, warning devices, and/or signals and/or ramps which would have indicated to pedestrians, among other things, how to safely cross the subject train tracks at the INCIDENT SITE. Defendants, inclusive and each of them, did not construct, build, design, maintain, inspect, and/or repair a pedestrian crossing, warning devices, signals, signs, and/or crossing protection for pedestrians.

79. Defendants, inclusive and each of them, negligently performed their duties and failed to warn the public of the dangerous conditions at INCIDENT SITE, which included inadequate warning devices, proper markings, lighting, lines-of-sight, signals and/or signs, and inadequate track crossing protection. Defendants failed to warn the public of the dangerous conditions at the INCIDENT SITE and negligently constructed, built, designed, maintained, inspected, and/or repaired said property, and failed to place, maintain and/or or repair proper signs, pedestrian markings and devices, warning devices, signals, and/or ramps which would have indicated to pedestrians, among other things, how to safely cross the subject train tracks. Defendants, inclusive and each of them, negligently failed to construct, build, design, maintain, inspect, and/or repair a pedestrian crossing, warning devices, signals, signs, and/or crossing protection for pedestrians. Defendants, inclusive and each of them, negligently failed to place proper markings, striping, signage, lighting, and/or signals in and around said property. Said failures to warn and said acts or inactions each constituted a dangerous condition of public property at the time of the incident. The property of Defendants, inclusive and each of them, was, therefore, in a dangerous condition at the time of the incident.

80. Defendants, inclusive and each of them, did not and failed to erect a barrier, fence, or warning to keep pedestrians from accessing the tracks and/or crossing or walking upon the

-19-

**Complaint for Damages and Demand for Jury Trial**

1    railroad tracks at the INCIDENT SITE, which includes but is not limited to, a barrier, fence, or
2    warning preventing pedestrians from walking parallel to and along the railroad tracks to reach the
3    Fremont-Centerville Train Station's western platform. The failure to erect such a barrier, fence, or
4    warning constituted a dangerous condition of public property. The property of Defendants,
5    inclusive and each of them, was, therefore, in a dangerous condition at the time of the incident.

6         81.    At the time Decedent encountered the aforementioned unsafe, dangerous, and
7    defective conditions, Defendants, inclusive and each of them, had actual and/or constructive
8    notice of the existence of the aforementioned unsafe, dangerous, and defective conditions, and
9    failed to prevent Decedent from being killed at the INCIDENT SITE by fixing the above-described
10   unsafe, dangerous, and defective conditions. Defendants, inclusive and each of them, had actual
11   knowledge of the conditions and knew or should have known of their dangerous character in that
12   Defendants, inclusive and each of them, were aware of, encouraged, and allowed pedestrians to
13   enter the area of the tracks and walk along and/or across the tracks, pedestrian walkways, and
14   pedestrian paths that were owned, controlled, constructed by, or allowed to exist by Defendants,
15   inclusive and each of them, at or about the INCIDENT SITE, before the incident. Defendants,
16   inclusive and each of them, also had constructive notice of the dangerous conditions because the
17   conditions existed for such a period of time and were of such an obvious nature that the
18   Defendants, inclusive and each of them, in the exercise of due care, should have discovered the
19   conditions and their dangerous character. Among other things, Defendants, inclusive and each of
20   them, by and through their employees, agents, and/or representatives, were routinely performing
21   work in and around the INCIDENT SITE.

22        82.    At the time of the incident, a dangerous condition existed as defined in California
23   Government Code § 830: "'Dangerous condition' means a condition of property that creates a
24   substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such
25   property or adjacent property is used with due care in a manner in which it is reasonably
26   foreseeable that it will be used." The dangerous conditions of the INCIDENT SITE created a
27   substantial risk of injury to Decedent, who was using the property and adjacent property as an
28   invitee with due care in a manner that was reasonably foreseeable that it would be used at the

-20-

**Complaint for Damages and Demand for Jury Trial**

1   time of the incident. Decedent was a member of the public at the time of the incident. The
2   dangerous conditions of public property created a reasonably foreseeable risk that Decedent would
3   be struck by a train and killed.

4       83.     It was reasonably foreseeable that as a direct and proximate result of said acts,
5   omissions, and negligence of Defendants, inclusive and each of them, and each of their breaches
6   of duties, that Decedent would be killed and Plaintiffs caused to sustain general and economic
7   damages.

8       84.     The acts, omissions, and/or negligence of Defendants, inclusive and each of them,
9   created a dangerous condition of public property.

10      85.     Because of the acts, omissions, and/or negligence of Defendants, inclusive and each
11  of them, the dangerous condition of public property was allowed to exist and Defendants, inclusive
12  and each of them, breached their duty of care to Decedent. The aforementioned acts, omissions,
13  and negligence of Defendants, inclusive and each of them, created a dangerous condition of public
14  property that resulted in the subject incident. Thus, Defendants, inclusive and each of them,
15  breached their duty of care to Decedent.

16      86.     As a direct and proximate result of said acts, omissions, and negligence of
17  Defendants, inclusive and each of them, Decedent was killed.

18      87.     As a direct and proximate result of said acts, omissions, and negligence of
19  Defendants, inclusive and each of them, and the dangerous condition of public property, Plaintiffs
20  have incurred economic damages and continue to incur these damages, the full nature and extent
21  of which are not yet known to Plaintiffs, and leave is requested to amend this Complaint to
22  conform to proof at the time of trial.

23      88.     As a direct and proximate result of said acts, omissions, and negligence of
24  Defendants, inclusive and each of them, and the dangerous condition of public property, Plaintiffs
25  have incurred, and will incur, special damages, which include without limitation, funeral and burial
26  expenses, the loss of gifts or benefits that Plaintiffs would have expected to receive from
27  Decedent, the reasonable value of household services that Decedent would have provided, and
28  ///

**Complaint for Damages and Demand for Jury Trial**

1  other pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs, and
2  leave is requested to amend this Complaint to conform to proof at the time of trial.

3       89.   As a direct and proximate result of the said acts, omissions, and negligence of
4  Defendants, inclusive and each of them, Plaintiffs have suffered general damages, including
5  without limitation, the loss of love, companionship, comfort, care, assistance, protection, affection,
6  society, and moral support of Decedent, thereby proximately causing Plaintiffs' general damages
7  in a sum to be ascertained according to proof.

8       90.   WHEREFORE, Plaintiffs pray for judgment against Defendants, inclusive and each of
9  them, as herein set forth.

10  **FOURTH CAUSE OF ACTION FOR NEGLIGENCE – *WRONGFUL DEATH* UNDER *CODE OF
    CIVIL PROCEDURE § 377.60 ET SEQ.* AGAINST DEFENDANTS CITY OF FREMONT,**
11  **CAPITOL CORRIDOR JOINT POWERS AUTHORITY, AND DOES 1 THROUGH 50, INCLUSIVE
    AND EACH OF THEM [*GOVERNMENT CODE § 815.4, 818.6*]**
12

13      91.   Plaintiffs CANDACE KING and KELLY KING hereby reallege and incorporate by
14  reference paragraphs 1 through 90 as though fully set forth herein.

15      92.   Defendants CITY OF FREMONT, CAPITOL CORRIDOR JOINT POWERS AUTHORITY,
16  and DOES 1 through 50, inclusive and each of them, were and are at all times relevant to this
17  action public entities within the meaning of Government Code § 811.2, and all of said Defendants
18  owned, operated, leased, controlled, constructed, built, designed, operated, maintained,
19  inspected, modified, repaired, and/or were otherwise responsible for part of the INCIDENT SITE.
20  This cause of action is brought against Defendants CITY OF FREMONT, CAPITOL CORRIDOR JOINT
21  POWERS AUTHORITY, and DOES 1 through 50, inclusive and each of them, under California
22  Government Code §§ 815.4 and 818.6, as explained below.

23      93.   Pursuant to California Government Code § 815.4, Defendants CITY OF FREMONT,
24  CAPITOL CORRIDOR JOINT POWERS AUTHORITY, and DOES 1 through 50, inclusive and each of
25  them, are vicariously liable for Decedent's death and Plaintiffs' injuries and damages resulting
26  from the acts or omissions of an independent contractor, committed by the independent
27  contractor itself or through its employee, agent, or representative, while completing work at the
28  INCIDENT SITE by, among other things, failing to complete work in a careful manner with

-22-

**Complaint for Damages and Demand for Jury Trial**

1 | reasonable care or maintaining the INCIDENT SITE in a safe condition while completing work. Said
2 | Defendants are also vicariously liable for Decedent's death and Plaintiffs' injuries and damages
3 | resulting from the failure of independent contractors, by the independent contractor itself or
4 | through its employee, agent, or representative, to take special precautions and prevent against
5 | special risks of physical harm to third persons during the work process or as a result of work
6 | completed at the INCIDENT SITE when said Defendants knew or should have known such physical
7 | harms were likely to occur without special precautions to prevent against the risk of harm.

8 |      94.    At all times relevant hereto, Defendants, inclusive and each of them, by themselves
9 | and through their employees, negligently hired and/or contracted with Defendants AMTRAK;
10 | UPRC; and/or DOES 1 through 50, and/or each other, to construct, build, design, operate,
11 | maintain, inspect, modify, and/or repair the INCIDENT SITE.

12 |      95.    At all times relevant hereto, Defendants, inclusive and each of them, were and are
13 | the owners and/or controllers of the INCIDENT SITE, thereby establishing a duty to act reasonably
14 | and with due care in their ownership and control and enforcement of the contracts it entered into
15 | with Defendants AMTRAK; UPRC; and/or DOES 1 through 50, and/or each other. At all times
16 | relevant hereto, Defendants, inclusive and each of them, by themselves and through their
17 | employees, negligently hired and/or contracted with each other and/or Defendants AMTRAK;
18 | UPRC; and/or DOES 1 through 50, to construct, build, design, operate, maintain, inspect, modify,
19 | and/or repair the INCIDENT SITE, and in doing so, Defendants negligently failed to discharge their
20 | duties.

21 |      96.    Defendants AMTRAK, UPRC, DOES 1 through 50, CITY OF FREMONT, and/or
22 | CAPITOL CORRIDOR JOINT POWERS AUTHORITY, in contracting with each other, negligently
23 | performed the work they were hired to undertake and complete at the INCIDENT SITE because
24 | they failed to adequately construct, build, design, operate, maintain, inspect, modify, and/or
25 | repair the INCIDENT SITE. Among other things, Defendants AMTRAK, UPRC, DOES 1 through 50,
26 | CITY OF FREMONT, and/or CAPITOL CORRIDOR JOINT POWERS AUTHORITY, in contracting with
27 | each other, failed to perform work they contracted to do in a careful manner with reasonable care,
28 | failed to maintain the INCIDENT SITE in a safe condition for pedestrians, and failed to take

-23-

**Complaint for Damages and Demand for Jury Trial**

1  adequate precautions and safeguards regarding pedestrian access in and around the INCIDENT
2  SITE.

3      97.    Among other things, Defendants AMTRAK, UPRC, DOES 1 through 50, CITY OF
4  FREMONT, and/or CAPITOL CORRIDOR JOINT POWERS AUTHORITY, in contracting with each
5  other, were negligent by, among other things, failing to and/or inadequately taking necessary
6  precautions to safely direct pedestrians in the area of the INCIDENT SITE and prevent pedestrians
7  from walking along and/or crossing the tracks through pedestrian walkways and pedestrian paths
8  that were allowed to exist by Defendants, inclusive and each of them.

9      98.    Defendants, inclusive and each of them, knew or should have known of the
10  dangerous and unsafe condition of the INCIDENT SITE. Defendants, inclusive and each of them,
11  failed to warn Decedent of unsafe and dangerous condition associated with the INCIDENT SITE.
12  Defendants, inclusive and each of them, had actual knowledge of the dangerous and unsafe
13  condition and knew or should have known of the dangerous and unsafe condition in that
14  Defendants, inclusive and each of them, were aware of, encouraged, and allowed pedestrians to
15  enter the area of the tracks and walk along and/or across the tracks, pedestrian walkways, and
16  pedestrian paths that were owned, controlled, constructed by, or allowed to exist by Defendants,
17  inclusive and each of them, at or about the INCIDENT SITE, before the incident. Defendants,
18  inclusive and each of them, also had constructive notice of the dangerous conditions because the
19  conditions existed for such a period of time and were of such an obvious nature that the
20  Defendants, inclusive and each of them, in the exercise of due care, should have discovered the
21  conditions and their dangerous character. Among other things, Defendants, inclusive and each of
22  them, by and through their employees, agents, and/or representatives, were routinely performing
23  work in and around the INCIDENT SITE.

24      99.    Said negligence of Defendants AMTRAK, UPRC, DOES 1 through 50, CITY OF
25  FREMONT, and/or CAPITOL CORRIDOR JOINT POWERS AUTHORITY, inclusive and each of them, in
26  contracting with each other caused or contributed to the occurrence of the incident by leaving the
27  INCIDENT SITE in an unsafe and perilous condition for Decedent at the time of the incident.
28  ///

-24-

1        100.   At all relevant times hereto, Defendants CITY OF FREMONT, CAPITOL CORRIDOR
2    JOINT POWERS AUTHORITY, and DOES 1 through 50, inclusive and each of them, owed a duty of
3    care to Decedent and to others.

4        101.   Said negligence of Defendants AMTRAK, UPRC, DOES 1 through 50, CITY OF
5    FREMONT, and/or CAPITOL CORRIDOR JOINT POWERS AUTHORITY, in contracting with each
6    other, caused or contributed to the occurrence of the incident by leaving the INCIDENT SITE in an
7    unsafe and dangerous condition at the time of the incident. Defendants, inclusive and each of
8    them, are liable for breaches of their duties as set forth herein.

9        102.   Defendants, inclusive and each of them, are vicariously liable for Decedent's death
10   and Plaintiffs' injuries and damages that were caused in whole or part by independent contractors.

11       103.   Pursuant to California Government Code § 818.6, said Defendants are also liable for
12   the death of Decedent and Plaintiffs' injuries, which were caused, in part, by the failure of their
13   agents, servants, and/or employees to make an inspection, and/or by reason of making an
14   inadequate or negligent inspection, of their own property, for the purpose of determining whether
15   the property complies with or violates any enactment or contains or constitutes a hazard to health
16   or safety. Said Defendants, inclusive and each of them, through their agents, servants, and/or
17   employees, failed to make an inspection, failed to make an adequate inspection, and/or
18   negligently inspected their property at the INCIDENT SITE, for, among other things, the purpose
19   of determining whether the property constituted a hazard to the health or safety of pedestrians,
20   including Decedent. The property at the INCIDENT SITE constituted a hazard to the health and
21   safety of Decedent at the time of the incident.

22       104.   Defendant CAPITOL CORRIDOR JOINT POWERS AUTHORITY is also liable under
23   Government Code § 815.2 for the negligence of its agents, servants, and/or employees within the
24   scope of their employment in managing, operating, funding, administering, and/or overseeing rail
25   projects, including but not limited to track, rail, signal, crossing, and station projects at the
26   INCIDENT SITE, which is a separate and distinct basis for liability from the dangerous condition of
27   public property statute (California Government Code § 835). Defendant CAPITOL CORRIDOR
28   JOINT POWERS AUTHORITY is liable for the death of Decedent and Plaintiffs' injuries, which were

-25-

**Complaint for Damages and Demand for Jury Trial**

1   caused, in part, by the failure of its agents, servants, and/or employees to adequately and
2   properly manage, operate, fund, administer, and/or oversee rail projects. Said failure to
3   adequately and properly manage, operate, fund, administer, or oversee rail projects, including,
4   but not limited to track, rail, signal, crossing, and station projects at the INCIDENT SITE, include,
5   but are not limited to, the failure to have adequate warning devices and adequate protection from
6   the tracks; the failure to have proper equipment, signs, markings, and devices for train crews; the
7   failure to have proper signs, pedestrian markings and devices, warning devices and/or signals
8   and/or ramps which would have indicated to pedestrians, among other things, how to safely walk
9   around or cross the subject train tracks; the failure to construct, build, design, maintain, inspect,
10   and/or repair pedestrian crossings, warning devices, signals, and/or signs and crossing protection
11   for pedestrians; and the failure to erect a barrier, fence, or warning to keep pedestrians from
12   accessing the tracks and/or crossing or walking upon the railroad tracks at the INCIDENT SITE,
13   which includes but is not limited to, a barrier, fence, or warning preventing pedestrians from
14   walking parallel to and along the railroad tracks to reach the Fremont-Centerville Train Station's
15   western platform. Said failure to adequately and properly manage, operate, fund, administer, and
16   oversee rail projects was a cause of Decedent's death and Plaintiffs' injuries and damages set
17   forth herein.

18       105.  It was reasonably foreseeable that as a direct and proximate result of said acts,
19   omissions, and negligence of Defendants, inclusive and each of them, and each of their breaches
20   of duties, that Decedent would be killed and Plaintiffs caused to sustain general and economic
21   damages as set forth herein.

22       106.  As a direct and proximate result of said acts, omissions, and negligence of
23   Defendants, inclusive and each of them, and each of their breaches of duties, Decedent was killed
24   and Plaintiffs were caused to sustain injuries and damages as set forth herein.

25       107.  WHEREFORE, Plaintiffs pray for judgment against Defendants, inclusive and each of
26   them, as herein set forth.

27   ///

28   ///

-26-

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs CANDACE KING and KELLY KING pray for judgment against all Defendants, inclusive and each of them, as follows:

1.     For general damages according to proof at trial, including but not limited to loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support of Decedent.

2.     For special damages according to proof at trial, including but not limit to funeral, burial, and related expenses; the loss of gifts or benefits that Plaintiffs would have expected to receive from Decedent; the reasonable value of household services that Decedent would have provided; and any other pecuniary losses according to proof at trial.

3.     For pre-judgment interest according to proof, pursuant to Civil §§ 3288 and 3291.

4.     For costs of suit.

5.     For such other and further relief as the court deems just and proper.

DATED: January 4, 2023                          DREYER BABICH BUCCOLA WOOD CAMPORA, LLP

By:_____
    JOSEPH J. BABICH
    SEAN D. WISMAN

*Attorneys for Plaintiffs*

**DEMAND FOR JURY TRIAL**

Plaintiffs CANDACE KING and KELLY KING request a jury trial on all causes of action as to all Defendants.

DATED: January 4, 2023                          DREYER BABICH BUCCOLA WOOD CAMPORA, LLP

By:_____
    JOSEPH J BABICH
    SEAN D. WISMAN

*Attorneys for Plaintiffs*

-27-

**Complaint for Damages and Demand for Jury Trial**

# EXHIBIT B

VINCENT CASTILLO, State Bar No. 209298
vcastillo@cmtrlaw.com
ALEXEI N. OFFILL-KLEIN, State Bar No. 288448
aklein@cmtrlaw.com
CASTILLO, MORIARTY, TRAN & ROBINSON LLP
75 Southgate Avenue
Daly City, CA  94015
Telephone:      (415) 213-4098

Attorneys for Defendant
NATIONAL RAILROAD PASSENGER CORPORATION
dba AMTRAK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| CANDACE KING, an individual, and KELLY KING, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, a corporation; UNION PACIFIC RAILROAD COMPANY, a corporation; CITY OF FREMONT, a public entity; CAPITOL CORRIDOR JOINT POWERS AUTHORITY, a public entity; THOMAS DOLLAHON, an individual; and DOES 1-50 inclusive,<br><br>Defendants. | Case No. 23CV025180<br><br>**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION DBA AMTRAK'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Action Filed:      January 4, 2023<br>Trial Date:        None Set |

CASTILLO MORIARTY TRAN & ROBINSON LLP
75 Southgate Ave
Daly City, CA 94015

Defendant NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK ("Defendant") answers the complaint of Plaintiffs CANDACE KING and KELLY KING ("Plaintiffs") as follows:

## GENERAL DENIAL

In answering Plaintiffs' complaint, Defendant denies every allegation contained therein and denies that by reason of any act or omission by Defendant, its agents, or independent contractors, that Plaintiffs were injured or damaged in any sum, or at all.

## AFFIRMATIVE DEFENSES

1.      As a first affirmative defense to each cause of action in the complaint, Defendant alleges the complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

2.      As a second affirmative defense to each cause of action in the complaint, Defendant alleges Plaintiffs' decedent's own negligence caused or contributed to her death.

3.      As a third affirmative defense to each cause of action in the complaint, Defendant alleges other individuals or entities may have been negligent or otherwise responsible for injury to Plaintiffs and/or the decedent. If liability is assessed against Defendant, which liability is denied, Defendant is liable only to the extent of its proportional fault, if any.

4.      As a fourth affirmative defense to each cause of action in the complaint, Defendant alleges some or all of Plaintiffs' claims are preempted by federal law, regulations, or codes, including but not limited to the Federal Railroad Safety Act, 49 U.S.C. § 20101, et seq., and its associated regulations. *See* 49 U.S.C. § 20106.

5.      As a fifth affirmative defense to each cause of action in the complaint, Defendant alleges that Plaintiffs lack standing to bring the claims alleged in the complaint.

WHEREFORE, Defendant prays for judgment as follows:

1.      In favor of Defendant NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK on all causes of action in the complaint;

2.      For Defendant's costs of suit incurred herein; and

/ / /

CASTILLO MORIARTY TRAN & ROBINSON LLP
75 Southgate Ave
Daly City, CA 94015

3.      For such other relief as should be granted.

Dated:  January 18, 2023                  CASTILLO,  MORIARTY, TRAN &
                                          ROBINSON, LLP


                                          By:_____
                                          VINCENT CASTILLO
                                          ALEXEI N. OFFILL-KLEIN
                                          Attorneys for Defendant
                                          NATIONAL RAILROAD PASSENGER
                                          CORPORATION dba AMTRAK

CASTILLO MORIARTY TRAN & ROBINSON LLP
75 Southgate Ave
Daly City, CA 94015

DEFENDANT AMTRAK'S ANSWER TO PLAINTIFFS' COMPLAINT

PROOF OF SERVICE
***Candace King, et al., v. National Railroad Passenger Corporation dba Amtrak, et al.,***
Alameda County Superior Court Case No. 23CV025180

     I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Mateo; my business address is: 75 Southgate Ave, Daly City, CA 94015. On January 18, 2023, I served the within:

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION DBA AMTRAK'S ANSWER TO PLAINTIFFS' COMPLAINT**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

| | |
|---|---|
| Joseph J. Babich<br>Sean D. Wisman<br>DREYER BABICH BUCCOLA WOOD CAMPORA LLP<br>20 Bicentennial Circle<br>Sacramento, CA 95826 | T: (916) 379-3500<br>F: (916) 379-3599<br><br>Email: dbbwc-eservice@dbbwc.com |

☒    **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on January 18, 2023, at San Francisco, California.

Yesenia Sanchez

# EXHIBIT C

1    VINCENT CASTILLO, State Bar No. 209298
     vcastillo@cmtrlaw.com
2    ALEXEI N. OFFILL-KLEIN, State Bar No. 288448
     aklein@cmtrlaw.com
3    CASTILLO, MORIARTY, TRAN & ROBINSON LLP
     75 Southgate Avenue
4    Daly City, CA  94015
     Telephone:      (415) 213-4098
5
     Attorneys for Defendant
6    NATIONAL RAILROAD PASSENGER CORPORATION
     dba AMTRAK
7
8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF ALAMEDA

10

11   CANDACE KING, an individual, and        Case No. 23CV025180
     KELLY KING, an Individual,
12                                            **DEFENDANT NATIONAL RAILROAD**
                    Plaintiffs,               **PASSENGER CORPORATION DBA**
13                                            **AMTRAK'S NOTICE OF REMOVAL**
            v.
14
     NATIONAL RAILROAD PASSENGER
15   CORPORATION dba AMTRAK, a               Action Filed:    January 4, 2023
     corporation; UNION PACIFIC             Trial Date:      None Set
16   RAILROAD COMPANY, a corporation;
     CITY OF FREMONT, a public entity;
17   CAPITOL CORRIDOR JOINT POWERS
     AUTHORITY, a public entity; THOMAS
18   DOLLAHON, an individual; and DOES 1-
     50 inclusive,
19
                    Defendants.
20

21

22

23

24

25

26

27

28

CASTILLO MORIARTY TRAN & ROBINSON LLP
75 Southgate Ave
Daly City, CA 94015

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Defendant NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK has filed a Notice of Removal of the above-captioned action, *a copy of which is attached hereto as Exhibit 1*, with the United States District Court for the Northern District of California.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(b), the filing of said Notice in the United States District Court, together with the filing of said Notice in this Court, effects the removal of this action, and the above-captioned Court may proceed no further unless and until the case has been remanded.


Dated:  January 18, 2023                     CASTILLO,  MORIARTY, TRAN &
                                              ROBINSON, LLP


                                        By:_____
                                              VINCENT CASTILLO
                                              ALEXEI N. OFFILL-KLEIN
                                              Attorneys for Defendant
                                              NATIONAL RAILROAD PASSENGER
                                              CORPORATION dba AMTRAK

CASTILLO MORIARTY TRAN & ROBINSON LLP
75 Southgate Ave
Daly City, CA 94015

1

PROOF OF SERVICE
***Candace King, et al., v. National Railroad Passenger Corporation dba Amtrak, et al.,***
Alameda County Superior Court Case No. 23CV025180

    I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Mateo; my business address is: 75 Southgate Ave, Daly City, CA 94015. On January 18, 2023, I served the within:

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION DBA AMTRAK'S NOTICE OF REMOVAL**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

| | |
|---|---|
| Joseph J. Babich<br>Sean D. Wisman<br>DREYER BABICH BUCCOLA WOOD CAMPORA LLP<br>20 Bicentennial Circle<br>Sacramento, CA 95826 | T: (916) 379-3500<br>F: (916) 379-3599<br><br>Email: dbbwc-eservice@dbbwc.com |

☒    **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on January 18, 2023, at San Francisco, California.

_____
Yesenia Sanchez

CASTILLO MORIARTY TRAN & ROBINSON LLP
75 Southgate Ave
Daly City, CA 94015

CERTIFICATE OF SERVICE

     I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Mateo; my business address is: 75 Southgate Ave, Daly City, CA 94015. On January 18, 2023, I served the within:

**NOTICE OF REMOVAL BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION DBA AMTRAK**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

| | |
|---|---|
| Joseph J. Babich<br>Sean D. Wisman<br>DREYER BABICH BUCCOLA WOOD CAMPORA LLP<br>20 Bicentennial Circle<br>Sacramento, CA 95826 | T: (916) 379-3500<br>F: (916) 379-3599<br><br>Email: dbbwc-eservice@dbbwc.com |

☒    **By E-Mail or Electronic Transmission:**  Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

    Executed on January 18, 2023, at San Francisco, California.

Yesenia Sanchez

CASTILLO MORIARTY TRAN & ROBINSON LLP
75 Southgate Ave
Daly City, CA 94015